IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS CHARLEY GONZALES, § | | |
| TDCJ # 738834, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-0566 |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## **MEMORANDUM AND ORDER**

Carlos Charley Gonzales (TDCJ-ID # 738834) filed a Petition for Writ of Habeas Corpus [Doc. # 1] pursuant to 28 U.S.C. § 2254, with a supporting Memorandum of Facts and Law [Doc. # 2]. In the Petition, Gonzales challenges only the denial of his release to mandatory supervision. He argues that the denial of his release was based on an unlawful application of House Bill 1433, violated the Fourteenth Amendment to the United States Constitution because it denied him statutorily mandatory liberty, violated his right to due process, and constituted cruel and unusual punishment in violation of the Eighth Amendment because it was denied after he had prepared for release. Petitioner asks this Court to order Respondent to release him immediately to mandatory supervision.

Respondent Nathaniel Quarterman, Director of the Texas Department of Criminal Justice's Correctional Institutions Division, filed a Motion for Summary Judgment [Doc. # 16], to which Gonzales filed a Response [Doc. # 18]. Respondent argues that the case is moot because Petitioner has obtained the relief he requested in the Petition.

"The cornerstone of the mootness doctrine is that a controversy must be live and ongoing throughout its adjudication, which means that it must touch the legal relations of parties having adverse legal interests in the outcome of the case." *Shute v. State of Texas*, 117 F.3d 233, 236 (5th Cir. 1997) (internal quotations and citations omitted). A habeas petition becomes moot where a favorable decision would not entitle the petitioner to any additional relief beyond what he has already obtained. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *Rendelman v. Hedrick*, 1994 WL 35673 (5th Cir. 1994).

The record establishes conclusively that Gonzales has been released to mandatory supervision, the only relief he requests in his Petition. He was released to the Ben Reid facility on June 20, 2008. *See* Notice of Petitioner's Release to Mandatory Supervision [Doc. # 17]; Petitioner's Notice of Change of Address [Doc. # 19]. As of July 8, 2008, Petitioner had been released from the Ben Reid facility. *See* Petitioner's Notice of Change of Address [Doc. # 21]; Petitioner's Notice of

Change of Address [Doc. # 27]. Because Petitioner has already obtained the relief he was seeking, his Petition is now moot.

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). Because the record establishes conclusively that the Petition is moot, no certificate of appealability will issue.

Based on the foregoing, it is hereby

**ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 16] is **GRANTED** and the habeas petition is **DISMISSED AS MOOT**. It is further

**ORDERED** that no certificate of appealability will issue.

The Clerk will provide a copy of this Memorandum and Order to all parties.

SIGNED at Houston, Texas, this 2nd day of **March, 2009**.

_____
Nancy F. Atlas
United States District Judge